[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There are two files with different numbers but with the same name. The court will deal with with both files. Both involve tax appeals.
Count 1. This count concerns Unit E. Defendant measured the square footage to be 3156 rather than 3920 shown on the condominium declaration. The unit is on the fourth floor of the CT Page 4625 four story building at 25 Van Zant Street, Norwalk. It has a limited water view compared to other fourth floor units. The space is divided between design and storage space. The plaintiff's sales comparison approach reaches $118,000. Because the unit was vacant as of the date of valuation, an income analysis had to be based on an estimate of market rent. This provided a very low valuation. Defendant claimed a 100% valuation of $209,900 but the court finds it difficult to accept it for a vacant unit. The court finds the correct assessmentvalue to be $100,000.
Count 2. This count concerns Unit 1A1. It has 5821 square feet as measured by defendant and is located in the basement of the four story building. It is useful for office and storage but has limited ceiling height and shares rest room facilities with three other units. Plaintiff's sales approach produces a 100% $71,000 value. An income analysis based on an estimated market rent do to the unit's vacancy. On-site parking is somewhat inferior and limited windows depresses its value as does more restrictive zoning. Defendant claims an indicated sales comparison of $250,300. The court sees the defendant's figures as excessive and finds the correct assessment value to be $125,000.
Count 3. This count concerns Unit 1A2. The measured square footage is 5625. It is on the basement level at grade on the west side but with 25% warehouse space without baths. At time of valuation 4183 square feet is set up for office use. It has an overhead door and limited ceiling height. This area and the vacant sub-unit share rest rooms with three other units. The vacant area has 1478 square feet. It lacks an overhead door but is useable for offices and may be light industry. A sales comparison approach treating the two sub-units as a whole, according to plaintiff has a value of $71,000 and on an income basis for the rented portion a value of $38,000. The total ;value, according to plaintiff, would be $65,000 as compared to $241,900 of defendant's total valuation. The court finds the correct assessment value to be $99,000.
Count 4. This count concerns Unit 1B1. It has 2200 measure square feet on the basement level of the four story building. There are two sub units, one tenanted the other not tenanted. The latter is 800 square feet for office use. It has its own two fixture rest room and is in fair to poor condition with excessive noise from an in unit air conditioning system. The CT Page 4626 larger unit of 1804 square feet is similar to the smaller unit. Plaintiff claims the two together on a sales comparison has a value of $27,500. An income analysis indicates a value of $20,000. Reconciling the two plaintiff reaches a value of 100% at $27,500 compared to defendant's $88,000. The court finds the correct assessment value to be $42,000.
Count 5. This count concerns Unit 1B3. The measured size is 2156 square feet. Basement area of 1804 square feet is without windows but with its own two fixture rest room. It has noisy in-unit air conditioning system and is in fair to poor condition. On inspection it appeared damp, being below grade. Plaintiffs' sales approach reached $21,000 and an income approach of $20,000 with a 100% value of $21,000 on the whole unit compared to defendants' $69,000 on a sales approach. The court finds the correct assessment value to be $32,000.
Count 6. This count concerns Unit 1B4. The measured square feet area is 2202. Basement level, same building as in Count 5. Interior unit, below grade, vacant, and damp. On-site parking slightly inferior. Same handicaps as in Count 5 unit. Defendant finds a sales comparison approach of $88,100. Plaintiff finds a sales approach of $21,000. Plaintiff's income approach is $19,000. Defendant has a $94,700 valuation of 100%. The court finds the correct assessment value to be $50,000.
Count 7. This count concerns Unit 1B5. 672 measured square feet. Basement level of four store building. Partially below grade with north view through dark high windows. On-site parking slightly inferior. Zoning slightly more restrictive. Defendant finds a sales comparison approach value of $39,000. Substandard height of ingress from main building. Has its own two-fixture rest room. Office space. Vacant on date of valuation. Plaintiff claims value of $9500. The court finds the correct assessment value to be $18,000.
Count 8. This count concerns Unit 2A. Measured 8024 square feet. Basement level. Office space or industrial space, although latter is limited due to sub-standard ceiling heights. Rest room shared with three other units. Tenanted for research and development use. Plaintiff finds sales approach value of $115,000 and an income analysis of $86,000. Plaintiff claims 100% value of $110,000. Defendant claims sales approach value of $329,000. On-site parking slightly inferior. Zoning slightly more restrictive. Industrial space with same office CT Page 4627 use. The court find the correct assessment value to be $150,000.
Count 9. This count concerns Unit 2B1. Measured 1776 square feet. Basement level. Interior unit, no windows, shares rest rooms with three other units. Plaintiff claims sales comparison approach value of $24,500. Open space and office use. Income analysis shows value of $15,000. Reconciliation of values of two approaches plaintiff's claims show 100% value of $24,000. Defendant claims 100% value on sales approach of $79,900. On-site parking slightly inferior and zoning slightly more restrictive. The court finds the correct assessment value
to be $36,000.
Count 10. This count concerns Unit 2B2. Measured square feet is 1776. Basement level. Interior unit. Similar conditions to Unite 2B1. No windows. Two-fixture rest room. Office space and light industrial use subject to limitation of sub-standard ceiling heights. Valuations by both plaintiff and defendant similar to Count 9. The court finds the correct assessmentvalue to be $36,000.
Count 11. This count concerns Unit 2B3. Except for rest room facilities this unit very similar to Count 10. Income approach of plaintiff shows $14,000 value and reconciled value together with sales approach of $24,000. Defendant finds sales approach value of $79,900. The court finds correct assessmentvalue to be $36,000.
Count 12. This count concerns Unit 3B, a large basement unit of 10,046 measured square feet for office use and predominating manufacturing space. Latter space contains structural columns every 15 feet. Shares rest room with Unit 3A owned by another owner. Plaintiffs' sales approach reaches $133,000 and income approach of $115,000, together the values are reconciled to $130,000. Defendant claims 100% value of $401,800. The court finds the correct assessment value to be #200,000.
Count 13. This count concerns Unit 5. 6007 measured square feet. Basement level, partially completed condition. Below grade with large unfinished kitchen and two-stop elevators. Defendants's sales approach reaches total 100% value of $264,300. Plaintiff claims sales approach produces $110,000 total value and income approach $120,000 with a total reconciled CT Page 4628 value of $115,000. The court finds the correct assessment value
to be $145,000.
Count 14. This count concerns Unit 5A, 6068 measured square feet. First floor. Incomplete condition. Numerous windows and very accessible, including banquet hall. On site parking slightly inferior. Zoning slightly more restrictive. Defendant's sales comparison approach reached 100% $309,500 value. Plaintiff's sales approach analysis reaches 167,000 100% value. Plaintiff's income approach reaches $173,000. After reconciliation of these values plaintiff reached $170,000 total value. Installations is untenantable without substantial completion of fittings. This court finds the correct assessmentvalue to be $175,000.
Count 15. This count concerns Unit 8B, 3450 measured square feet. Two baths. On site parking interior. Limited window area. Zoning somewhat restrictive. Requires fit up to bring it to average office condition. Defendant's sales approach comes to $200,100 for total value. Unit was vacant. Unit includes two two fixture rest rooms. Plaintiff's sales approach reaches $65,000 100% value and income approach based on estimated market rent indicates $31,000 value. Plaintiff reaches total value of $60,000 on the unit. The court finds the correct assessmentvalue to be $105,000.
Count 16. This count concerns Unit 8C. Measured square feet is 1700. First floor. Westerly view. One bath. On-site parking inferior. Zoning slightly more restrictive. Defendant's sales approach reaches $124,000. Plaintiff's sales approach reaches $51,300. Income approach to 100% value of $65,000. Reconciliation of values comes to $60,000. This court finds the correct assessment value to be $65,000.
Count 17. This count concerns Unit 8D. Measured 1608 square feet. 1st floor. One bath. Aerobics/workout room for complex. Some refitting appears necessary. On-site parking interior. Zoning somewhat restrictive. Defendant finds on a sales approach a total value of $117,400. Plaintiff finds a $47,500 value on a sales approach and on income approach, a negative value. On reconciliation of these values plaintiff comes up with $45,000. The court finds a correct assessmentvalue to be $50,000.
Count 18. This count concerns Unit 8E. Measured 1700 CT Page 4629 square feet. First Floor. One bath. On-site parking inferior. Zoning somewhat restrictive. Defendant claims total value of $124,100 on sales approach. Single two-fixture rest room like Unit 8D. Office space. Plaintiff's sales approach comes up with $46,000 total value. Plaintiff's income analysis yielded only a nominal value of $1000. On reconciliation of figures, plaintiff reaches $45,000. The court find the correctassessment value to be $58,000.
Count 19. This count concerns Unit 8F. Unit has tenant who is in default on rent payments. First floor, two-fixture rest room. 2522 square feet as measured. Area for research and development. Month to month lease. On-site parking inferior. Zoning somewhat restrictive. Defendant's sales approach claims 167,700 total value. Plaintiff's sales approach shows $72,000 value and income analysis of $58,000. Reconciliation of figures by plaintiff comes up with $70,000 total value. The court finds the correct assessment value to be $60,000.
Count 20. This count concerns Unit 9A. 1040 square feet measured size. First floor. Interior unit with 48 seat cafeteria. Month to month lease. On-site parking inferior. Zoning somewhat restrictive. Defendant's sales approach reaches 60,100. Plaintiff's income analysis problematic because tenant's inability to generate cash flow to operate and necessity of owner's subsidy to insure food services for other tenants. At best plaintiff found income approach at $30,000, and established $30,000 as 100% value on unit. The court finds the correct assessment value to be $35,000.
Count 21. This count concerns Unit 9B. Measures as 576 square feet. First floor. Interior unit. Defendant describes it as "average quality and poor condition." Used as a smoking room for complex. On-site parking inferior. Zoning somewhat restrictive. Defendant's sales approach comes up with 100% value of $25,900. This is windowless unit. Plaintiff's sales comparison took into account the need for extensive re-fit to remove smoke contamination. Plaintiff concludes $14,000 100% value. Income analysis of plaintiff yielded negative value. The court finds the correct assessment value to be $12,000.
Count 22. This count concerns Unit 14\1. Measured as 1161 square feet. Second floor. Interior office space with no windows. On site parking inferior. Zoning somewhat restrictive. Defendant claims $69,700 total value on sales CT Page 4630 approach. Office configuration. Plaintiff claims $42,000 total value on sales approach. Income approach total value is $45,000 according to plaintiff. Reconciliation of these figures produces value of $43,000 according to plaintiff. The court finds the correct assessment value to be $37,500.
Count 23. This count concerns Unit 14-2. Measured as 900 square feet. Second floor. Average condition. Inferior on-site parking. Zoning somewhat restrictive. Office space but very awkward layout. Defendant claims $66,400 total value on sales approach. Plaintiff claims $35,000 total value on sales approach. Plaintiff's income analysis based on actual income and expense data of tenant indicated $40,000 value. Reconciliation of these figures results in total value of $40,000 according to plaintiff. The court finds the correctassessment value to be $40,000.
Count 24. This count concerns Unit 14/3. Measured square feet is 576. Second floor. Has high windows with view of the roof. Defendant claims sales approach to show total value of $31,700. On-site parking inferior. Noise from HVAC units produces functional obsolescence. Zoning somewhat restrictive. Unit was vacant on plaintiff's valuation, having most recently functioned as a storage closet. Adversely impacted for other use because of windows abutting roof top air conditioning units. Plaintiff claims $5,125 as total value on sales approach. Income analysis according to plaintiff yielded negative value. Plaintiff's reconciliation of these figures comes to $5,125. The court finds the correct assessment value to be $6500.
Count 25. This count concerns Unit 14/4. Measured square footage is 1125. Second floor. On-site parking inferior. Zoning somewhat restrictive. Defendant claims sales approach of $83,000. Office use. No private rest room facilities. Plaintiff's sales approach produces total value of $46,000. It's income approach comes to $50,000 which plaintiff uses as total value of the unit. The court finds the correct assessmentvalue to be $49,000.
Count 26. This count concerns Unit 14/5. Measured square footage is 1008. Second floor. Average condition. West view. Defendant's sales approach finds total value of $74,300. On-site parking inferior. Zoning somewhat restrictive. Plaintiff's sales approach for this office space with shared rest rooms reaches $38,800. Its income analysis based on actual CT Page 4631 income and expense data indicates 20,000 100% value. Plaintiff reconciles these figures to $38,000 total value. The court finds the correct assessment value to be $47,000.
Count 27. This count concerns Unit 14/6. Measured square footage is 1008. Second floor. Average condition. Defendant's sales approach reaches $74,300. Plaintiff claims 27,000 on sales approach and 20,000 on income approach with total value reconciled to $38,000. Unit is similar to that in Count 26. The court finds the correct assessment value to be $47,000.
Count 28. This count concerns Unit 14/8. Measured square footage is 960. Second floor. Office space. Parking and zoning comments same as in previous counts. Defendant comes up with sales approach of $78,500 as total value. This is corner unit with good window area and above average fit out for office use. Plaintiff attributes $38,800 total value on a sales approach and on its income approach $27,000, with a reconciled figure of $35,000. The court finds the correct assessment value
to be $47,000.
Count 29. This count concerns Unit 15A. Measured square footage is 3504. Second floor. Tenanted. On-site parking and zoning comments same as in Count 28. Defendant finds sales approach total value of $219,000. Office space. Shared rest rooms. Plaintiff's sales approach comes up with $93,500 and income approach, though space was vacant as of valuation date, is claimed to be $42,000. After reconciliation of these two values, plaintiff claims total value is $90,000. Parking and zoning comments same as previous counts. The correct assessmentvalue the court finds to be $140,000.
Count 30. This count concerns Unit 15/1. Measured square footage is 1008. Second floor. Average condition. South view. Same parking and zoning comments as above. Defendant claims 100% value on sales approach of $76,400. Without private rest room facilities. Plaintiff claims $36,000 100% value on sales approach and $22,000 on income approach, keeping in mind that the unit is vacant. Plaintiff's total reconciled figures is $35,000. The correct assessment value is $45,000.
Count 31. This count concerns Unit 15/6. Measured square footage is 1008. Second floor. South view. Under lease. Office space. Same parking and zoning comments as above. Defendant claims 100% value on sales of approach is $74,300. CT Page 4632 Plaintiff claims sales approach shows $35,500 as 100% value and its income analysis based on actual income and expense data is $43,000. Plaintiff reconciles these figures to $40,000. The court finds the correct assessment value is $46,000.
Count 32. This count concerns Unit 15/7. Measured square footage is 1008. Second floor. Average condition. Office space. Under lease. Same parking and zoning comments as above. Defendant claims sales approach show $74,300 100% value. Plaintiff claims sales approach show $35,500 value and income approach $43,000 with a reconciled value figure of $40,000. The court finds the correct assessment value to be $46,000.
Count 33. This count concerns Unit 15/8. Measured square footage is 2124. Second floor. Average condition. Under lease. Parking and zoning comments same as above. Defendant finds 100% value of $143,900 on sales approach. Plaintiff claims sales approach total value of $53,000. Plaintiff's income analysis was negative. Plaintiff reconciled two approaches to reach total value of $50,000. Lease expired November 1995 and tenant remained on month to month basis. Plaintiff claims lease rental was "below market." The court finds the correct assessment value is $80,000.
Count 34. This count concerns Unit 16/1. Measured square footage is 1008. Third floor. Windows face east. Under lease. Same comments as above on parking and zoning. Defendant finds sales approach value of $74,300. Plaintiff, using sales and income approaches, obtains a reconciled total value of $40,000. The court finds the correct assessment value to be $44,500.
Count 35. This count concerns Unit 16/2. Measured square footage is 840. Third floor. Partial views of harbor. Same comments as above on parking and Zoning. Defendant claims 100% value of $63,600 on a sales approach. Office use. Plaintiff claims $40,000 total value based on figure reconciled from sales and income approaches. The court finds the correct assessmentvalue to be $35,000.
Court 36. This concerns Unite 16/3. Measured square footage is 1008. Third floor. Partial harbor views. Same comments as above on parking and Zoning. Defendant claims 100% value on sales approach of $75,300. As in Count 35, plaintiff reconciled figures from sales approach and income approach and obtained a value of $44,500 reconciled to $40,000. The court CT Page 4633 finds the correct assessment value to be $45,500.
Count 37. This count concerns Unit 16/4. Measured square footage is 1008. Third floor. Shell condition with some ceiling and studded walls. Partial harbor views. Same comments as above on parking and zoning. This unit and units 16/5 and 16/6 which follow can be treated similarly. Each involves the same footage and each consists of raw space with studs and duct work roughed in and electrical conduit installed. Completion costs can only be estimated and could exceed attainable rents as of date of evaluation. Defendant has come up with a sales approach value of $50,100. Plaintiff reconciles its sales and income statistical approaches to reach a total value conclusion of $17,000. As the unit stood on October 1, 1993, the court can only find the correct assessment value to be $20,000.
Count 38. This count concerns unit 16/5 and is identical to Count 37. The court finds the correct assessment value to be $20,000,
Count 39. This count concerns Unit 16/6 and is identical to Count 37. The court finds the correct assessment value to be $20,000.
Court 40. This count concerns unit 16/7. It is similar to Counts, 37, 38 and 39. Plaintiff's value conclusion is only $500 more than in the latter three counts. The court finds the correct assessment value to be $20,000.
Count 41. This count concerns Unit 16/8. Measured square footage is 1752. The unit is in shell condition with some ceiling and studded walls. It is larger in area than the four preceding counts. Defendant claims a sales approach shows a 100% value of $83,700. The plaintiff, reconciling the sales and income approaches, comes up with total value of $27,000. The court finds the correct assessment value is $37,000.
Count 42. This count concerns Unit 17. Measured square footage is 16,079. Third floor. Includes full south side of the floor. Office space, average condition. Defendant's sales comparison approach showed $868,300 100% value. Defendant concedes "parking for the subject and comparables is a major area of contention." While defendant claims it made capitalized income approach as well as sales comparison approach it is not at all clear to the court how defendant reaches $916,000 on the CT Page 4634 income approach. Plaintiff used a sales comparison approach and reached a figure of $570,000 total value. Plaintiff's income analysis and expense data yielded a value of $620,000.
The defendant repeats the statement on this and all other appeals that the real estate market declined "markedly in the early 1990's" and therefore it considered sales only within 18 months of October 1, 1993. This would take the defendant's time period to early 1992 which would seem to contradict the defendant's quoted statement that the real estate market "markedly" declined "in the early 1990's". Early 1992 would fall within the "early 1990's" time period, in the court's opinion.
The court finds the correct assessment value to be $570,000.
Count 43. This count concerns Unit B2. Measured square footage is 1080. Fourth floor. South view of harbor. Parking and zoning comments previously made by the court apply here. Defendants sales comparison approach yields $89,400. Plaintiff points out this is shell space. Ceiling is only a grid. Some dry wall and duct work is in place. Plaintiff's income analysis yielded a negative value. Plaintiff's sales approach claims $15,000. Considering the cost of completing work to present the premises for sale or rental and its condition on October 1, 1993, defendant's valuation is far too generous to the City. The court finds the correct assessment value to be $20,000.
Count 44. This concerns Unit B3. Measured square footage is 1080. Fourth floor. Southerly view of harbor. This is again shell space. Some dry wall and duct work is in place but ceiling is only a grid. Parking and zoning comments previously made on many counts apply here. Defendant claims sales approach 100% value of $89,400. Plaintiff's sales comparison approach is $15,000 with only negative value on an income analysis. The court finds the correct assessment value to be $20,000. When work is completed and premises sold or rented, defendant can seek a revision of the assessment value. The same is true of Count 43.
Count 45. This count concerns Unit B4. Measured square footage is 1080. Fourth floor. Southerly view of harbor. Parking and zoning comments apply as above. Defendant claims $89,400 as 100% value on sales approach. This unit suffers from CT Page 4635 same problems as Counts 43, 44, and 45. The correct assessment for its conditions as of October 1, 1993 is $20,000.
Count 46. This count concerns Unit A. Measured square footage 5217. Fourth floor. Double corner with water views from south and east. Office space. Parking and zoning comments apply as above. Defendant finds a total value of $344,300 on sales comparison approach. Plaintiff finds 100% value of $205,000 on sales comparison approaches and $182,000 on income analysis based on market rent. Plaintiff's reconciled value is $205,000. The court finds the correct assessment value to be $195,000
Count 47. This count concerns Unit C. Measured square footage is 4950. Fourth floor. Shell condition. Southwest corner of building. Excellent view of harbor. Parking and zoning comments apply. Defendant finds 100% value on sales comparison approach to be $222,800. Some drywall and duct work in place but ceiling is only a grid. Plaintiff's sales comparison approach is $53,000 but income analysis is negative. Larger size and somewhat better harbor views. The court finds the correct assessment value, considering its lack of completed work is $75,000.
BY THE COURT,
GEORGE A. SADEN JUDGE TRIAL REFEREE